IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

v.                                                    CRIMINAL NO: 3:18cr67CWR-LGI

MONROE HUGHES a/k/a "ROE"

## AFFIDAVIT OF E. CARLOS TANNER, III

STATE OF MISSISSIPPI

COUNTY OF HINDS

PERSONALLY APPEARED BEFORE ME, the undersigned authority, the within named

E. CARLOS TANNER, III, who stated on his oath as follows:

My name is E. Carlos Tanner, III, Esq. I am a private practitioner of law and owner of

TANNER & ASSOCIATES, LLC. I opened my law office in 2014. Prior to that, I was an

Assistant United States Attorney with the Office of the United States Attorney for the Southern

District of Mississippi. I am now and have always been since the issuance of my Mississippi Bar

License in January 2008 in good standing with the Mississippi Bar. I have not been disciplined

by any tribunal or bar association of which I have been a member or admitted as counsel *pro hac*

*vice.*

Pursuant to the August 20, 2025 Order of this Court, I am submitting this affidavit in

response to allegations of ineffective assistance of counsel by my former client, Mr. Monroe

Hughes, for whom I served as Court-appointed counsel pursuant to the Criminal Justice Act. Mr.

Hughes' motion that he filed pursuant to Title 28 U.S.C. § 2255 asserts three grounds in support

of his claims that I provided him ineffective assistance of counsel in the above-styled criminal

proceedings. I was one of approximately eight lawyers who represented Mr. Hughes at various

times in his case, but Numbered Paragraph 15 of Hughes' Section 2255 Petition lists another attorney as his counsel at his arraignment and references only the undersigned at the other portions of his case.

The Court ordered the Government to respond to Mr. Hughes' 2255 Petition, and the Government reflexively asked the Court to order the undersigned to submit an affidavit that addresses the deficiencies Mr. Hughes alleges his counsel committed in representing him. The Government's request that the undersigned address Mr. Hughes' claims is somewhat unusual because of the nature of Mr. Hughes' petition. Mr. Hughes, unlike many Section 2255 petitioners, makes no claim that there was some private communication that took place between Hughes and his counsel about which the Government is not aware. The Petition does not appear to the undersigned to necessitate him to explain anything that is not apparent from record filings, transcripts of proceedings, or communications in which the Government participated. Mr. Hughes' Petition, thus, presents seemingly purely legal questions.

The first two of the three claims Hughes asserts as bases for which his conviction should be reversed for ineffective assistance of counsel concerns his undersigned former counsel's not filing a motion to dismiss the indictment against him for (1) an alleged speedy trial violation and (2) the Government's allegedly having secured the indictment against him by, as best I can discern, "[knowingly presenting materially] perjured testimony without correction to a grand jury." Hughes' third claim is that the undersigned's decision not to file the two aforementioned motions to dismiss the indictment was the cause of his "involuntary" decision to plead guilty after nearly two months into his jury trial. Each of Hughes' three claims is without merit. Hughes' first claim, his allegation that the undersigned should have filed a motion to dismiss his case for a speedy trial violation, presents a math problem of sorts that the Government must

calculate and present to the Court to refute Hughes' argument. That is, without regard to the undersigned's reasons for not filing a motion to dismiss for a speedy trial violation, either Hughes' trial was conducted within the statutorily-required or constitutionally-mandated time frame, factoring in the required exclusions from the speedy trial calculation, or it was not. The second claim seems to require the Government to prove it did not present perjured testimony to secure its indictment against Hughes or otherwise demonstrate that Hughes fails to show that the indictment was obtained by perjury. In order to defeat Hughes' third claim, the Government should point to Hughes' knowingly made plea colloquy and signed plea agreement. The undersigned, nevertheless, will address Hughes' contentions to the best of his ability without trampling into the exclusive province of the Government to have its conviction and sentence of Mr. Hughes upheld.

The first ground Mr. Hughes asserts in his Section 2255 Petition correctly states that the undersigned did not file a motion to dismiss his indictment on speedy trial grounds. I did not file any such motion because I did not see a basis for it. Hughes was indicted in 2018, and I did not become involved in his case until late 2022 after the two superb attorneys Mr. Hughes had immediately prior to my involvement had moved, and were permitted, to withdraw as counsel in the case. When I became involved in the case, I reviewed each of the motions, including the motions to continue and their bases, and each continuance and other Order the Court had entered of record, that had been filed prior to my appointment as Hughes' counsel. I calculated the time that had lapsed under the appropriate analysis of the "speedy trial clock," and I accounted for the time periods excludable under that test. I saw no non-frivolous basis to argue that Hughes' speedy trial rights had been violated. Furthermore, if the Court recalls, Hughes quite unreasonably insisted I try his case almost immediately after my Fall 2023 appointment to his

case. There was no way I could have given Hughes effective assistance of counsel at that point based on the extremely voluminous and complex nature of the discovery involved in Hughes' case, and at times the undersigned had not choice but to request continuances, even over Hughes' objection, to analyze thoroughly the plethora of discovery materials necessary to serve effectively as Hughes' trial counsel. Hughes complains that the Court should not have granted the continuances his various counsel requested. Moreover, he ignores the Court's scheduling his trial date by considering the very lengthy trial that this case necessarily required and graciously accommodating the schedules of four-to-six lawyers for Hughes and his co-defendants.

In Hughes' second claim that he received ineffective assistance of counsel, the petitioner says the Government knowingly elicited perjured testimony to the grand jury in order to indict him. I had no legitimate basis to ask this Court to declare that the Government's counsel or its witnesses had knowingly or intentionally presented "perjured" testimony to the grand jury. To the extent that there were discrepancies between the statements witnesses made before the grand jury and Mr. Hughes' views of the evidence in his case, the undersigned and his co-counsel thoroughly and artfully cross-examined witnesses on those points at trial. There was no basis, however, for the undersigned to conclude that any such discrepancies amounted to perjury on the part of the Government.

The third claim Mr. Hughes advances in support of his 2255 petition states he only pleaded guilty in this case because the undersigned did not file the motions he claims the undersigned should have filed in his aforementioned first two claims of ineffective assistance of counsel. Mr. Hughes pleaded guilty because he chose to do so. He maintained his own agency on all plea-related issues, and no one coerced him or exerted undue influence on him to convince him to plead guilty and relinquish his rights to continue with his trial. Prior to and during Mr.

Hughes' two-month trial, the Government presented Mr. Hughes and his counsel with multiple plea offers with terms increasingly favorable to Mr. Hughes. Mr. Hughes refused to plead guilty, as was his right, unless the Government offered him a plea that would likely result in his being released from incarceration at or very close in time to the date the Court imposed a sentence on him. Hughes insisted, too, that any plea he might accept be a locked-in plea pursuant to Fed. R. Crim. P. 11(c)(1)(C). The undersigned communicated Mr. Hughes' constantly-shifting guilty plea parameters to the Government, and the Government finally agreed to the terms Mr. Hughes asked his trial counsel to propose to the prosecution. Mr. Hughes signed the plea agreement that contained the terms he requested, and Mr. Hughes swore to the Court that he understood and agreed with those terms during the Court's plea colloquy. He was charged with a death-eligible case, and his able prior counsel successfully negotiated away the death penalty. Nevertheless, had the jury considering Hughes' case convicted him of the charges on which he was tried, he would have likely received a very lengthy sentence of imprisonment. His case was resolved in the manner he desired, and he has the luxury of writing his subject 2255 Petition from home. Mr. Hughes never stated to the undersigned that his plea of guilty was the result of the undersigned's not having filed a motion to dismiss for a speedy trial violation or a motion to dismiss based on his claim that the Government committed misconduct before the grand jury that indicted him.

I have addressed each point in Mr. Hughes's 2255 Petition that seems germane to the issue of whether I was ineffective in representing him. If there are any points that the Court would like me to further address or to address at all, please let me know.

**FURTHER, AFFIANT SAYETH NOT**, on this, the 18th day of September, 2025.

By: _____

E. Carlos Tanner, III, Esq. (MS Bar No. 102713)

**SWORN TO AND SUBSCRIBED BEFORE ME**, on this, the 18th day of September, 2025.

By: _____

NOTARY PUBLIC

**MY COMMISSION EXPIRES:**

STATE OF MISSISSIPPI
NOTARY PUBLIC
ID# 76454
JANINE M. CREDIT
Commission Expires
Jan. 16, 2029
MADISON COUNTY

## <u>CERTIFICATE OF SERVICE</u>

I, E. Carlos Tanner, III, do hereby certify that on this date, September 19, 2025, I have electronically filed the foregoing Affidavit with the Clerk of Court for the United States District Court for the Southern District of Mississippi using the ECF system, which caused notification of that filing to be sent electronically to all counsel of record in this cause.

**ON THIS**, the 19th day of September, 2025.

    */s/ E. Carlos Tanner, III*
    E. Carlos Tanner, III, Esq. (MS Bar No. 102713)
    TANNER & ASSOCIATES, LLC
    Post Office Box 3709
    Jackson, Mississippi 39207
    601.460.1745 (telephone)
    662.796.3509 (facsimile)
    carlos.tanner@thetannerlawfirm.com